IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DIANA KALINOSKI**                                                       **PLAINTIFF**

vs.                                          No. 5:21-cv-814

**ALLIED FEEDS, INC.**                                                  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Diana Kalinoski ("Plaintiff"), by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Allied Feeds, Inc. ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff is an individual and resident of Bexar County.

7. Defendant Allied Feeds, Inc., is a domestic for-profit corporation.

8. Defendant's registered agent for service is Gregory W. Gossett, 208 Hutcheson, Cuero, Texas 77954.

9. Defendant, in the ordinary course of its business, maintains a website at https://fulopep.com.

### IV.   FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as animal feed and supplements.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

14. Defendant owns and operates two animal feed mills and two feed retails stores in Texas, and it produces Ful-O-Pep brand animal feed and supplements for distribution and sale throughout southern Texas and Louisiana.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

17. Specifically, Defendant employed Plaintiff as an hourly-paid Customer Service Representative from May of 2005 until July of 2021.

18. Defendant directly hired Plaintiff, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19. Plaintiff used instrumentalities of interstate commerce such as the telephone and internet in performing her job duties, as well as regularly running customer credit cards.

20. In addition to her hourly wage, Plaintiff received bonuses based on the sales that the store made each month and the end-of-month inventory.

21. These bonuses were nondiscretionary because they were based on objective, measurable criteria, and because Plaintiff expected to receive the bonuses and did in fact receive the bonuses on a regular basis.

22. Plaintiff regularly worked over forty hours per week.

23. Defendant paid Plaintiff 1.5 times her base hourly rate the hours she worked over 40 in a workweek.

24. However, Defendant did not include the bonuses paid to Plaintiff in her regular rate when calculating her overtime pay even though Plaintiff received bonuses related to weeks in which she also worked in excess of forty hours.

25. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

26. Defendant violated the FLSA by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiff, in her regular rate when calculating her overtime pay.

27. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V.   CLAIM FOR RELIEF
### (Violation of the FLSA)

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

29. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

30. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

31. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

32. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

33. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times her regular rate for all hours worked in excess of 40 per week.

34. Defendant knew or should have known that its actions violated the FLSA.

35. Defendant's conduct and practices, as described above, were willful.

36. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

37. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Diana Kalinoski respectfully prays that Defendant Allied Feeds, Inc., be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DIANA KALINOSKI**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com